[No. A065627. First Dist., Div. Three. Nov. 30, 1994.]

MARVIN D. DOYLE, Plaintiff and Appellant, v.
DEPARTMENT OF REAL ESTATE, Defendant and Respondent;
JAMES PORSCHE et al., Real Parties in Interest and Respondents.

## COUNSEL

Mark D. Peters for Plaintiff and Appellant.

Daniel E. Lungren, Attorney General, Timothy G. Laddish, Assistant Attorney General, Richard F. Finn and Robert E. Murphy, Deputy Attorneys General, for Defendant and Respondent.

Paul M. Jamond for Real Parties in Interest and Respondents.

## OPINION

### MERRILL, J.—

#### FACTUAL AND PROCEDURAL BACKGROUND

Real parties in interest James and Alice Porsche (the Porsches) filed a complaint in the municipal court alleging one cause of action for "fraud and deceit" against appellant Marvin D. Doyle, a licensed real estate broker, arising out of a real estate transaction. The Porsches prayed for damages in the amount of $15,000. The case went to judicial arbitration, and the Porsches were awarded $15,000. Doyle filed a request for a trial de novo.

The parties then agreed to a settlement of the matter. Doyle was to pay the Porsches $10,000 within a specified period of time, and the Porsches were to dismiss the action with prejudice and execute a release. Pursuant to the settlement agreement, Doyle executed a stipulation for entry of judgment in the amount of $15,000. The agreement provided that if Doyle failed to pay the $10,000 within the specified time, the Porsches could file the stipulation and have judgment entered in the action. Doyle failed to make the $10,000 payment, and the stipulation was filed with the court and judgment was entered in favor of the Porsches for $15,000.

Following the Porsches' unsuccessful attempts to collect on the judgment, they filed an application with the Department of Real Estate Recovery Account (Recovery Account) for payment of the unsatisfied judgment. The Real Estate Commissioner (Commissioner) granted the Porsches' application for recovery of $15,000.

Doyle filed a petition for writ of mandate or prohibition in the Sonoma County Superior Court seeking an order directing the Commissioner to deny the Porsches' application. The court denied the petition, and Doyle appeals.

DISCUSSION

The California Department of Real Estate has a Recovery Account out of which unsatisfied judgments against a licensed real estate broker based on, inter alia, his or her fraud may be paid to the judgment creditor upon a specified application procedure. (Bus. & Prof. Code, § 10450.6 et seq.)[1] The broker's license is suspended on the date of payment from the Recovery Account, and cannot be reinstated until he or she reimburses the Recovery Account for the amount of the payment, plus interest. (Bus. & Prof. Code, § 10475.) The application procedure is set forth in section 10471, which provides in pertinent part: "(a) When an aggrieved person obtains a final judgment in a court of competent jurisdiction . . . against a defendant based upon the defendant's fraud, misrepresentation, or deceit, made with intent to defraud . . . in which the defendant, while licensed under this part, performed acts for which that license was required, the aggrieved person may, upon the judgment becoming final, file an application with the Department of Real Estate for payment from the Recovery Account . . . of the amount unpaid on the judgment . . . . [¶] . . . [¶] (c) The application . . . shall include . . . [¶] . . . [¶] (4) A detailed narrative statement of the facts in explanation of the allegations of the complaint upon which the underlying judgment is based. . . . [¶] . . . [¶] (7) The following representations and information from the claimant: [¶] . . . (C) That the judgment underlying the claim meets the requirements of subdivision (a)."

■ It has been consistently held that section 10471 is a remedial statute intended to protect *the public* from loss resulting from unsatisfied damage awards against licensed real estate personnel resulting from their misrepresentation and breach of fiduciary duty. (*Vinci* v. *Edmonds* (1986) 185 Cal.App.3d 1251, 1256 [230 Cal.Rptr. 308]; *Merrifield* v. *Edmonds* (1983) 146 Cal.App.3d 336, 344 [194 Cal.Rptr. 104].) "[I]t is to be given a liberal construction to promote its purpose and protect persons within its purview.

[1]All further statutory references are to the Business and Professions Code unless otherwise indicated.

[Citation.] As such, it has been held that relief will be granted under section 10471 unless to do so is clearly forbidden by statute. [Citation.] '[Section 10471] will be construed when its meaning is doubtful so as to suppress the mischief at which it is directed, to advance or extend the remedy provided, and to bring within the scope of the law every case which comes clearly within its spirit and policy. [Citations.]' " (*Vinci* v. *Edmonds, supra,* 185 Cal.App.3d at p. 1256.)

■ Doyle contends that the Commissioner exceeded his statutory jurisdiction in granting an application for payment from the recovery account in the absence of the statutorily required judgment based on fraud. Doyle argues that the Department of Real Estate must deny any section 10471 application that is based on a stipulated judgment. He urges that "[i]t is apparent from an objective review of Sections 10472 and 10473 that the Legislature did not contemplate that a *stipulated* judgment would ever form the basis of a decision of the Real Estate Commissioner granting an application for payment from the Recovery Account."[2] He maintains that the Commissioner acted in excess of his jurisdiction by "engaging in an evidentiary analysis the Legislature entrusted to the Courts." We disagree.

Initially, we note that nowhere do sections 10472 and 10473 provide that applications to the Department of Real Estate for payment from the Recovery Account based on a stipulated judgment be denied. Sections 10472 and 10473 do not apply to applications to the Department of Real Estate but to applications to the court following a *denial* of a section 10471 application to the Department of Real Estate. Section 10473 provides that when the court proceeds upon a section 10472 application, and the judgment in the underlying action was by stipulation, the applicant has the burden of proving that the "cause of action against the licensee was for fraud . . . ." Here, the Porsches' application was made pursuant to section 10471, and was granted.

---

[2]Section 10472 provides in part: "(a) A claimant against whom the commissioner has rendered a decision denying an application pursuant to Section 10471 may, within six months after receipt of notice of the denial, file a verified application in the court in which judgment was entered in favor of the claimant, for an Order Directing Payment Out of the Recovery Account based upon the grounds set forth in the claimant's application to the commissioner."

Section 10473 provides in part: "Whenever the court proceeds upon an application under Section 10472, it shall order payment out of the Recovery Account only upon a determination that the aggrieved party has a valid cause of action within the purview of Section 10471, and has complied with Section 10472. [¶] . . . If the judgment in favor of the applicant was by default, stipulation, consent, or pursuant to Section 594 of the Code of Civil Procedure, or whenever the action against the licensee was defended by a trustee in bankruptcy, the applicant shall have the burden of proving that the cause of action against the licensee was for fraud, misrepresentation, deceit, or conversion of trust funds. Otherwise, the judgment shall create a rebuttable presumption of the fraud, misrepresentation, deceit, or conversion of trust funds by the licensee, which presumption shall affect the burden of producing evidence."

Doyle sought review of that decision by bringing a petition for writ of mandate or prohibition in superior court. Sections 10472 and 10473 do not apply to these circumstances, and certainly do not establish that it was the intent of the Legislature that when the judgment at issue arises from a stipulation, the Department of Real Estate must necessarily deny the application. Moreover, had the Legislature intended that all applications for payment from the Recovery Account based on a stipulated judgment be denied by the Commissioner, it easily could have included such a requirement in the statutory scheme. (See *Brown* v. *Kelly Broadcasting Co.* (1989) 48 Cal.3d 711, 724 [257 Cal.Rptr. 708, 771 P.2d 406].)

Simply because the Commissioner stated that the Porsches had the burden of proof to show that the judgment was based on fraud, and this is the same burden of proof specified in section 10473 when there is a stipulated judgment, does not show that he was acting in excess of his jurisdiction by "engaging in an evidentiary analysis . . . entrusted to the Courts."[3] Doyle does not argue that the burden of proof applied by the Commissioner was incorrect, only that the Commissioner was without jurisdiction to consider any evidence other than the judgment itself, to determine if the judgment was based on fraud. Contrary to Doyle's contention, section 10471 clearly contemplates that the Commissioner may consider certain underlying facts in determining if the judgment was based on fraud, by providing in part that a claimant must submit an application which includes "[a] detailed narrative statement of the facts in explanation of the allegations of the complaint upon which the underlying judgment is based." Doyle seems to overlook the fact that even when a plaintiff prevails at trial on a cause of action for fraud, the judgment itself does not necessarily state it is based on fraud. In that situation it is necessary for the Commissioner to examine other factors, such as the complaint.

Here, the Commissioner properly considered the evidence presented to determine if the underlying judgment was based on fraud. The stipulation for entry of judgment states in part that "judgment may be entered for Plaintiffs James and Alice Porsche and against Marvin D. Doyle . . . in the amount of $15,000. This stipulation is entered into for the purpose of securing an obligation under a confidential settlement agreement. The parties agree that it is only to be disclosed and filed in the event of a default under that agreement." The settlement agreement to which the stipulation refers states in part that: "On August 23, 1991, THE PORSCHES filed a Complaint in the

---

[3]The burden of proof applied by the Commissioner is the same as that specified in Evidence Code section 500: "Except as otherwise provided by law, a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting."

Municipal Court of the County of Sonoma, action no. 120643, against . . . DOYLE, and others by which they sought to recover, *inter alia*, compensatory damages for injuries and damages sustained by THE PORSCHES as a result of the conduct of DOYLE."[4] The judgment entered pursuant to the settlement agreement and stipulation was for $15,000, the full amount sought by the Porsches in their complaint. The Commissioner in making his decision relied on the fact that the only cause of action alleged in the complaint was for "fraud and deceit." Moreover, in their section 10471 application, the Porsches set forth the facts underlying their cause of action for fraud. Consequently, it is apparent that the Commissioner properly determined that the judgment in this case, though a result of a settlement agreement and stipulation for entry of judgment, is "based on fraud" as required by section 10471.

The order and judgment denying Doyle's petition for writ of mandate or prohibition are affirmed.

White, P. J., and Chin, J., concurred.

---

[4]The settlement agreement contains the language that "[t]he parties acknowledge that all claims . . . of THE PORSCHES are disputed and that this settlement is not intended to be and shall not be treated as an admission of liability or responsibility in any manner whatsoever." It does not, as noted in the decision of the Commissioner, "explicitly rule out this being a fraud judgment."